**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| TESORO HIGH PLAINS PIPELINE COMPANY, LLC, | ) ) |
| | ) |
| PLAINTIFF, | ) ) |
| | ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF INDIAN AFFAIRS, a part of the United States Department of the Interior, | ) ) ) ) ) ) |
| | ) |
| DEFENDANTS. | ) ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) ) |
| | ) |
| COUNTERPLAINTIFF, | ) ) |
| | ) |
| vs. | ) ) |
| TESORO HIGH PLAINS PIPELINE COMPANY, LLC, | ) ) ) |
| | ) |
| COUNTERDEFENDANT. | ) ) |
| | ) |

CIVIL ACTION NO.
1:21-CV-00090-DMT-CRH

---

**DEFENDANTS' ANSWER AND COUNTERCLAIM**

---

Defendants the United States of America, the United States Department of the Interior, and the United States Bureau of Indian Affairs (collectively "Defendants") hereby answer Plaintiff Tesoro High Plains Pipeline Company, LLC's ("Tesoro") Complaint filed with this Court on April 23, 2021 ("Complaint"). Any and all allegations in the Complaint that are not specifically admitted are denied. As used in this answer and counterclaim, the following terms shall have the following meanings:

- The term "Acting Secretary" shall mean "Acting Secretary Scott de la Vega."

- The term "Assistant Secretary" shall mean the "Assistant Secretary – Indian Affairs."

- The term "BIA" shall mean the "United States Bureau of Indian Affairs."

- The term "IBIA" shall mean the "Interior Board of Indian Appeals."

- The term "Regional Director" shall mean the "BIA Great Plains Regional Director."

- The term "Reservation" shall mean the "Fort Berthold Indian Reservation."

- The term "Secretary" shall mean the "Secretary of the Department of the Interior."

- The term "Tribe" shall mean the "Three Affiliated Tribes of the Fort Berthold Reservation, North Dakota,"[1] also known as the "Mandan, Hidatsa, and Arikara Nation."

## ANSWER

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterizations of this suit, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 1. The United States denies all allegations of a violation of law and denies that Plaintiff is entitled to any relief whatsoever.

2.      Defendants admit that this action relates to a pipeline owned by Tesoro and a related right-of-way granted by the United States, by and through the BIA. Defendants admit that the pipeline was constructed in the 1950s, with the initial easement for a right-of-way being issued by the BIA in 1953, and subsequently renewed through June 18, 2013. Defendants do not have sufficient knowledge or information to admit or deny the circumstances surrounding Tesoro's negotiations with the Tribe and, on that basis, deny them. Defendants admit that the Tribe and

---

[1] This is the Tribe's official name as appearing on the Department of the Interior's official list of Indian Entities Recognized by and Eligible to Receive Services From the United States Bureau of Indian Affairs (87 Fed. Reg. 4636, 4639 (Jan. 28, 2022)), published annually pursuant to the Federally Recognized Indian Tribe List Act of 1994, Pub. L. 103- 454, tit. I, 108 Stat. 4791 (codified at 25 U.S.C. §§ 5130-31).

Tesoro reached an agreement for a twenty-eight-year right-of-way across tribally owned tracts on the Reservation, retroactive to June 18, 2013. Defendants deny that this agreement for a twenty-eight-year right-of-way constitutes a renewal of the right-of-way which Tesoro allowed to expire on June 13, 2013. Defendants admit that Tesoro has been a trespasser pursuant to 25 C.F.R. § 196.410 for a period of time after the expiration of the right-of-way but deny that Tesoro was in holdover status for this time. Defendants deny any and all remaining allegations in this paragraph.

3.       Defendants admit that the BIA initiated administrative proceedings to resolve Tesoro's trespass. Defendants deny that the BIA set forth requirements necessary for Tesoro to fully and finally resolve the issues related to Tesoro's trespass from June 18, 2013, and deny that the Regional Director's December 15, 2020, decision constituted an agency action that fully and finally resolved the issues related to Tesoro's trespass. To the extent this paragraph purports to characterize decisions, the cited decisions are the best evidence of their contents and speak for themselves; to the extent the allegations are inconsistent with the plain language of the cited documents, Defendants deny the allegations. Defendants deny any and all remaining allegations in this paragraph.

4.       The cited document is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the plain language of the cited document, the United States denies the allegations.

5.       The cited document is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the plain language of the cited document, the United States denies the allegations.

6.       Defendants admit that Tesoro paid $3,988,114.00 pursuant to the Regional Director's December 15, 2020, decision and the Assistant Secretary's January 14, 2021, decision. The remaining allegations in the paragraph purport to characterize documents that are the best evidence

3

of their contents and speak for themselves; to the extent the allegations are inconsistent with the plain language of the cited documents, the United States denies the allegations.

7.     Defendants admit that the Acting Secretary rendered a decision vacating all prior decisions of the Assistant Secretary and the Regional Director in the matter of Tesoro's trespass. Defendants deny any and all remaining allegations in this paragraph.

8.     Defendants admit that the Acting Secretary's vacatur decision is dated March 12, 2021 and was mailed on March 18, 2021. Defendants deny any and all remaining allegations in this paragraph.

9.     Defendants admit that Larry Roberts was for a time the Chief of Staff to the Secretary of the Interior. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

10.     Defendants admit that the referenced Notice of Appeal was dismissed by the IBIA; otherwise, Defendants do not have sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis deny them.

11.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

12.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

13.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

14.     Defendants admit that Tesoro made the referenced payment and ceased operation of the pipeline. The remaining allegations of this paragraph contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

15.     Defendants admit that venue is proper. The remaining allegations of this paragraph contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

16.     Defendants do not have sufficient knowledge or information to admit or deny Tesoro's corporate status. Defendants admit the remaining allegations in this paragraph subject to that qualification.

17.     Defendants admit the allegations in this paragraph.

18.     Defendants admit the allegations in this paragraph.

19.     Defendants admit that Debra Anne Haaland is currently the Secretary of the Interior and, among other things, is charged with fulfilling the United States' trust responsibilities to federally recognized Indian tribes, Alaska Native tribes and villages, and individual Indian trust beneficiaries. Defendants admit that Scott de la Vega is the Associate Solicitor, General Law (Unified Region 12) within the Department of the Interior. Defendants deny that the Acting Secretary issued his March 12, 2021 vacatur decision while acting on the Secretary's behalf. Defendants aver that the final sentence of this paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this sentence. Defendants deny the remaining allegations in this paragraph.

20.     Defendants admit that BIA is an agency of the United States. The remaining allegations in this paragraph contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

21.     This paragraph purports to characterize a federal statute, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited statute, the United States denies the allegations.

22.     This paragraph purports to characterize a federal statute, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited statute, the United States denies the allegations.

23.     This paragraph purports to characterize a federal statute, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited statute, the United States denies the allegations.

24.     This paragraph purports to characterize a federal statute, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited statute, the United States denies the allegations.

25.     This paragraph purports to characterize a provision in the United States Constitution, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited provision, the United States denies the allegations.

26.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

27.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

28.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

29.     This paragraph purports to characterize a federal statute and a constitutional provision, which are the best evidence of their contents and speak for themselves; to the extent the allegations are inconsistent with the language of the cited materials, the United States denies the allegations.

30.     Defendants admit that Congress has delegated authority for the day-to-day administration of Indian affairs to the President or the Secretary. Otherwise, this paragraph contains

legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     31.     Defendants admit that the United States owns land in trust for individual beneficial Indian landowners or allottees. The remainder of the paragraph characterizes and purports to quote from a federal statute, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited statute, the United States denies the allegations.

     32.     Defendants admit the allegations in this paragraph.

     33.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     34.     Defendants admit that FOIA imposes deadlines on federal agencies when they receive a request for records pursuant to FOIA. The remainder of this paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     35.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     36.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     37.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     38.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

     39.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

40.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

41.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

42.     This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

43.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

44.     Defendants admit the allegations in this paragraph.

45.     Defendants admit the allegations in this paragraph.

46.     Defendants admit that the BIA has granted three easements for the right-of-way occupied by the Tesoro Pipeline since 1953. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

47.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

48.     Defendants admit the allegations in this paragraph except to the characterization of the agreement as being "renewed".

49.     The first sentence of this paragraph purports to characterize federal regulations, which are the best evidence of their contents and speak for themselves; to the extent the allegations are inconsistent with the language of the cited materials, the United States denies the allegations. As to the remaining allegations in this paragraph, Defendants admit that an independent appraiser was retained to conduct appraisals under the direction of the Office of the Special Trustee's Appraisal Services. Defendants deny any and all remaining allegations in this paragraph.

50.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

51.     Defendants admit that Tesoro submitted an application for a right-of-way for a portion of the Pipeline on or about March 23, 2018, that Tesoro undertook additional appraisals to be completed under the direction of the Office of the Special Trustee's Appraisal Services, and that these appraisals required additional revisions after their submission to the Office of the Special Trustee's Appraisal Services. Defendants deny that there was an understanding that the right-of-way would be approved in segments, and do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

52.     Defendants admit that appraisals were submitted to the BIA in August 2018 but deny that the appraisals submitted were prepared in accordance with Departmental standards and deny that the appraised values could be relied upon to determine fair market value. Defendants deny any and all remaining allegations in this paragraph.

53.     Defendants admit the allegations in this paragraph.

54.     Defendants admit that Larry Roberts was for a time the Chief of Staff to the Secretary of the Interior. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

55.     Defendants admit the allegations in this paragraph.

56.     Defendants admit the allegations in this paragraph.

57.     Defendants admit the allegations in this paragraph.

58.     Defendants admit the allegations in this paragraph, but note that the appeal from Case No. 1:19-cv-00143-DLH-CRF has been remanded and is no longer pending before the Eighth Circuit Court of Appeals.

59.     Defendants deny the allegations in this paragraph.

60.    Defendants deny the allegations in this paragraph.

61.    Defendants deny the allegations in this paragraph.

62.    Defendants deny the allegations in this paragraph.

63.    Defendants deny the allegations in this paragraph.

64.    Defendants deny the allegations in this paragraph.

65.    Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations concerning the amount of money spent on obtaining appraisals and, on that basis, deny them. Defendants deny any and all remaining allegations in this paragraph.

66.    Defendants deny that the Superintendent was working with counsel for individual Indian landowners to draft a notice of trespass determination. Defendants admit that counsel for one group of individual landowners submitted valuation materials—as authorized under 43 C.F.R. pt. 100—relating to the fair market value of the land across which Tesoro's pipeline was trespassing. Defendants admit that portions of the Individual Indian landowners' appraisal were not completed by a certified appraiser but deny that "the primary portions" of the appraisal were not completed by a certified appraiser. Defendants deny the remaining allegations in Paragraph 66.

67.    Defendants deny the allegations in this paragraph.

68.    Defendants admit the allegations in this paragraph; but Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in footnote 7 to this paragraph and, on that basis, deny them.

69.    Defendants deny the allegations in this paragraph.

70.    Defendants deny the allegations in this paragraph.

71.    Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

72.     Defendants admit to the extent a Market Analysis was provided but deny the remaining allegations in this paragraph.

73.     The cited document is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the plain language of the cited document, Defendants deny the allegations.

74.     The cited document is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the plain language of the cited document, the United States denies the allegations. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

75.     Defendants admit that the Regional Director issued the referenced July 2, 2020 Notice of Trespass Determination. Defendants deny any and all remaining allegations in this paragraph.

76.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis, deny them.

77.     Defendants admit the allegations in this paragraph.

78.     Defendants admit the allegations in this paragraph.

79.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations concerning Tesoro's contacts or interactions with allottees and, on that basis, deny them. Defendants admit that Tesoro contacted the Regional Director on October 30, 2020. Defendants deny any and all remaining allegations in this paragraph.

80.     Defendants admit that Tesoro contacted the Regional Director on November 6, 2020. Defendants deny any and all remaining allegations in this paragraph.

81.     Defendants admit that Tesoro communicated its position on negotiations to the BIA. Defendants deny any and all remaining allegations in this paragraph.

11

82.     Defendants admit that the Regional Director mailed a letter to Tesoro on November 16, 2020. Defendants do not have sufficient knowledge or information to form a belief as to the date the letter was received by Tesoro and, on that basis, deny them. Defendants deny any and all remaining allegations in this paragraph.

83.     Defendants admit that in November 2020, Tesoro communicated with the Regional Director regarding its discussions with allottees. Defendants deny that the AVSO Market Analysis is applicable to Tesoro's trespass or right-of-way. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

84.     Defendants do not have sufficient knowledge or information to form a belief as to the date the letter was received by Tesoro and, on that basis, denies it.

85.     Defendants admit that in December 2020, Tesoro communicated with the Regional Director regarding its discussions with allottees. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

86.     Defendants admit that in December 2020, Tesoro shared with BIA communications from several allottees. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

87.     Defendants admit that Tesoro informed the BIA that it had increased its offer to $110,000. Defendants deny that the AVSO Market Analysis has any relevance to Tesoro's trespass. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

88.     Defendants admit that the Regional Director issued a decision on December 15, 2020—as mandated by the Assistant Secretary's October 29, 2020, decision—and that the Regional

Directors December 15, 2020, decision found that Tesoro's occupation of a right-of-way which it willfully allowed to expire constituted a trespass on individually owned Indian land. Defendants deny the remaining allegations in this paragraph.

89.     Defendants admit that the Regional Director's December 15, 2020, decision instructed Tesoro to pay $3,961,907.00 for its trespass and to cease its use of the Pipeline. Defendants deny the remaining allegations in this paragraph.

90.     Defendants admit that the Regional Director's December 15, 2020, decision instructed Tesoro to pay $3,961,907.00 for its trespass and to cease its use of the Pipeline. Defendants deny the remaining allegations in this paragraph.

91.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

92.     Defendants admit that Tesoro turned off the flow across the Pipeline by December 22, 2020. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

93.     Defendants admit that the BIA accepted payment from Tesoro and cashed the check by which such payment was made.

94.     Defendants admit the allegations in this paragraph.

95.     Defendants admit that Kilpatrick Townsend filed a notice of appeal, but deny the remaining allegations in this paragraph.

96.     Defendants admit that Pringle & Herigstad filed a notice of appeal but deny the remaining allegations in this paragraph.

97.     Defendants admit the allegations in this paragraph.

98.     Defendants admit the allegations in this paragraph.

13

99.     The allegations in this paragraph purport to characterize the AS-IA decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations.

100.     The allegations in this paragraph purport to characterize the AS-IA decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations.

101.     Defendants admit that AS-IA did not assume jurisdiction over the appeals. Defendants deny the remainder of this paragraph on the basis that it contains legal conclusions for which no response is required.

102.     Defendants admit the allegations in this paragraph.

103.     Defendants admit the allegations in this paragraph, but note that this Petition was filed on February 10, 2021, not February 11, 2021, as stated in the Complaint.

104.     Defendants admit the allegations in this paragraph, but note that this Petition was filed on February 9, 2021, not February 12, 2021, as stated in the Complaint.

105.     Defendants admit the allegations in this paragraph.

106.     Defendants admit the allegations in this paragraph.

107.     The allegations in this paragraph purport to characterize a complaint, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited complaint, Defendants deny the allegations.

108.     Defendants admit the allegations in this paragraph.

109.     Defendants deny the allegations in this paragraph.

110.     The allegations in this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations.

111.    The allegations in this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations.

112.    The allegations in this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, the United States denies the allegations.

113.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. The paragraph also purports to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations.

114.    Defendants deny the allegations in this paragraph.

115.    The paragraph purports to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegation.

116.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

117.    Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

118.    Defendants admit the allegations in this paragraph.

119.    Defendants admit the allegations in this paragraph.

120.    Defendants admit the allegations in this paragraph.

121.    Defendants admit the allegations in this paragraph.

122.     Defendants admit that in late 2020 Tesoro requested additional information related to the July 2, 2020 Notification. The remaining allegations in the paragraph purport to characterize Tesoro's submission, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the submission, Defendants deny the allegations.

123.     Defendants admit that Tesoro submitted the referenced letter.

124.     Defendants admit the allegations in this paragraph.

125.     Defendants admit that they have not yet provided Tesoro with all of the documents Tesoro has requested; the remaining allegations in this paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the remaining allegations in this paragraph.

126.     Defendants deny the allegations in this paragraph, and aver that the BIA has communicated with Tesoro in an attempt to narrow the scope of Tesoro's three separate FOIA requests to three separate offices of the BIA related to this matter.

127.     Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in the paragraph contain legal conclusions for which no response is required; to the extent a response is required, Defendants deny the remaining allegations in this paragraph

128.     Defendants incorporate by reference their responses in the forgoing paragraphs.

129.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

130.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

131.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

132.    Defendants deny the allegations in this paragraph.

133.    Defendants deny the allegations in this paragraph.

134.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. The allegations in this paragraph also purport to characterize documents, which are the best evidence of their contents and speak for themselves; to the extent the allegations are inconsistent with the language of the cited documents, Defendants deny the allegations.

135.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

136.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

137.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

138.    The allegations in this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations.

139.    Defendants deny the allegations in this paragraph.

140.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

141.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

142.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph, and specifically deny that Plaintiff is entitled to any relief whatsoever.

17

143.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

144.    Defendants deny the allegations in this paragraph, and specifically deny that Plaintiff is entitled to any relief whatsoever.

145.    Defendants incorporate by reference their responses in the forgoing paragraphs.

146.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

147.    Defendants deny the allegations in this paragraph.

148.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

149.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

150.    Defendants deny the allegations in this paragraph.

151.    Defendants deny the allegations in this paragraph.

152.    Defendants deny the allegations in this paragraph.

153.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. Defendants deny that the Acting Secretary's decision was contrary to law and regulation.

154.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. To the extent that any factual assertions are made, Defendants deny them.

155.    Defendants deny the allegations in this paragraph.

156.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

157.    Defendants deny the allegations in this paragraph.

158.    The allegations in the first sentence of this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations. Defendants deny the allegations in the second sentence of this paragraph.

159.    Defendants deny the allegations in this paragraph.

160.    Defendants deny the allegations in this paragraph.

161.    Defendants deny the allegations in this paragraph.

162.    Defendants deny the allegations in this paragraph.

163.    The allegations in the first sentence of this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, Defendants deny the allegations. Defendants deny the allegations in the second sentence of this paragraph.

164.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

165.    The allegations in this paragraph purport to characterize a decision, which is the best evidence of its contents and speaks for itself; to the extent the allegations are inconsistent with the language of the cited decision, the United States denies the allegations.

166.    Defendants admit that Tesoro ceased operation of the pipeline; Defendants deny the remaining allegations in this paragraph.

167.    Defendants deny the allegations in this paragraph. Defendants deny that the Acting Secretary acted arbitrarily, capriciously, or unlawfully.

168.    Defendants deny the allegations in this paragraph.

169.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

170.     Defendants deny the allegations in this paragraph.

171.     Defendants incorporate their responses in the foregoing paragraphs.

172.     Defendants admit the allegations in this paragraph.

173.     Defendants admit the allegations in this paragraph.

174.     Defendants admit the allegations in this paragraph.

175.     Defendants admit that Tesoro paid $3,988,114 as instructed by the Regional Director's December 15, 2020, decision. Defendants deny any and all remaining allegations in this paragraph.

176.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

177.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

178.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

179.     Defendants deny the allegations in this paragraph.

180.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

181.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

182.     This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

183.     Defendants deny the allegations in this paragraph.

184.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

185.    Defendants deny the allegations in this paragraph. Defendants further deny that Plaintiff is entitled to any relief whatsoever.

186.    Defendants incorporate their responses in the foregoing paragraphs.

187.    Defendants admit that Plaintiff has made numerous requests of the United States under FOIA, but deny the remaining allegations in this paragraph for want of understanding as to what "United States agency" refers to.

188.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

189.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

190.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

191.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

192.    This paragraph contains legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph. Defendants further deny that Plaintiff is entitled to any relief whatsoever.

PRAYER FOR RELIEF

Defendants deny the allegations in paragraphs (a)-(p) of the prayer, and denies that Plaintiff is entitled to any relief whatsoever

**GENERAL DENIAL**

All allegations not specifically admitted herein are denied. In addition, Defendants deny any violation of law.

## AFFIRMATIVE DEFENSES

1.      Tesoro has failed to state a claim for which relief may be granted.

2.      This Court lacks jurisdiction over Tesoro's claims.

## COUNTERCLAIM

The United States of America, by authority of the Attorney General of the United States and at the request of the United States Department of the Interior, acting on its own behalf and as trustee for four hundred and twelve individual Indian landowners ("Allottees"), files this counterclaim and alleges as follows:

## NATURE OF THE COUNTERCLAIM

1.      This counterclaim is brought pursuant to the federal common law of trespass, the Indian Right-of-Way Act, 25 U.S.C. §§ 323-328, and the implementing regulations found at 25 C.F.R. Part 169 ("ROW Act"), for declaratory relief, an accounting, damages, ejectment, and injunctive relief to remedy Tesoro's intentional and unauthorized use and occupancy of multiple tracts of land that the United States owns in trust for the benefit of the Allottees.

2.      The United States holds fee title to the lands at issue for the benefit of the Allottees. In its capacity as trustee, the BIA most recently, on February 7, 1995, granted Tesoro's predecessor a renewal of a grant of easement for right-of-way for a pipeline over and across the Allottees' lands and certain other lands owned by the Tribe, for a term of twenty (20) years, said term beginning on June 18, 1993 (the "ROW"). The BIA granted the ROW pursuant to the ROW Act.

3.     Contrary to the ROW Act, Tesoro failed to submit a timely renewal application for the ROW and has not applied for a new right-of-way. Tesoro continues to occupy or otherwise limit the Allottees' lands unlawfully, without a valid grant or authority.

4.     In remedy for Tesoro's continuing trespass and violation of the ROW Act on lands to which the United States holds title for the benefit of the Allottees, the United States brings this action. The United States supports a negotiated resolution between the Allottees and Tesoro that would allow for the Allottees to be compensated and Tesoro's ROW to remain in place pursuant to the ROW Act. If a negotiated resolution is not possible, the United States seeks all just and appropriate remedies, including, but not limited to, a declaration that Tesoro is in trespass; an accounting of Tesoro's profits from the pipeline during the period of trespass; and compensatory damages in compensation for the past unlawful use and occupancy. If Tesoro refuses to comply with the ROW Act, the United States seeks ejectment from further unauthorized and unlawful use of the Allottees' land and full restoration and remediation of the damaged and degraded property.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1345 (United States as Plaintiff), and 2201-2202 (Declaratory Judgments).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this counterclaim is situated in the judicial district and many of the events giving rise to the counterclaim occurred there.

## PARTIES

7.     Defendant-Counterplaintiff is the sovereign United States of America suing on its own behalf and in its capacity as trustee for the Allottees, each of whom is an enrolled member of a federally recognized Indian Tribe and holder of a beneficial interest in the subject allotments.

8.      Plaintiff-Counterdefendant  Tesoro is a Delaware limited-liability  company headquartered in Findlay,  Ohio. Tesoro owns the approximately  500-mile  long Tesoro High Plains Pipeline  system, including  the approximately  15-mile  segment subject to the expired ROW.

## FACTUAL ALLEGATIONS

### A.      The Fort Berthold Reservation

9.      The Reservation is the permanent homeland of the Mandan, Hidatsa, and Arikara Nation, federally  recognized  as the Three Affiliated  Tribes of the Fort Berthold Reservation.

10.     The Tribe's territory was originally  recognized  in the 1851 Treaty of Fort Laramie. 11 Stat. 749.

11.     Executive Orders issued in 1870 and 1880, 1 Kappler 881, 883, and an 1886 Agreement between the Tribe and the United States, ratified by Congress in 1891, Act of Mar. 3, 1891, 26 Stat. 989, 1032, reduced the size of the Reservation.

12.     The 1891 Act also provided  for the allotment  of the Reservation.

13.     Congress opened the Reservation to homesteading  in 1910. Act of June 1, 1910, 36 Stat. 455.

14.     The size of the Reservation was further reduced in the 1950s when the United States took 156,000  acres of land for construction  of the Garrison Dam and for Lake Sakakawea, the reservoir impounded  by the dam. *E.g.*, 106 Stat. 4600, 4732.

15.     Today, the Reservation consists of approximately  980,000  acres of land. The United States holds legal title to 343,000  acres of allotted land in trust for individual  Indian beneficial owners, including  the Allottees, and to 80,000  acres of land held in trust for the Tribe.

16.     The Reservation is situated directly over the Bakken Three Forks Formation,  the source of the most prolific  oil and gas fields in North America.

### B.      The Expired ROW

17.     Tesoro owns and operates the High Plains Pipeline system ("Pipeline System"), a 500-mile common carrier pipeline operating in the Williston and Bakken areas in North Dakota and eastern Montana, which has been in operation since the 1950s. An approximately 15-mile segment of the Pipeline System (the "Pipeline") crosses the southwest corner of the Reservation.

18.     On June 18, 1953, exercising its authority under the ROW Act, the BIA granted Service Pipeline Company ("Service"), Tesoro's predecessor-in-interest, a right-of-way easement for the Pipeline.

19.     The term of the initial right-of-way easement was twenty (20) years, beginning June 18, 1953, and expiring June 17, 1973. A copy of the 1953 easement is attached hereto as **Exhibit 1** and incorporated by reference herein.

20.     On June 18, 1973, again exercising its authority under the ROW Act, the BIA granted Amoco Pipeline Company ("Amoco"), Service's successor and Tesoro's predecessor-in-interest, a renewal of the right-of-way easement for the Pipeline. A copy of the 1973 easement is attached hereto as **Exhibit 2** and incorporated by reference herein.

21.     The term of the renewal right-of-way was 20 years, beginning June 18, 1973, and expiring June 17, 1993.

22.     On February 7, 1995, again exercising its authority under the ROW Act, the BIA granted Amoco another renewal of the right-of-way easement for the Pipeline. A copy of the 1995 easement is attached hereto as **Exhibit 3** and incorporated by reference herein.

23.     The term of this third right-of-way easement (the "ROW") was again 20 years, retroactively beginning July 18, 1993, and expiring June 17, 2013.

24.     In 2001, Tesoro acquired the Pipeline and, with it, Amoco's interest in the ROW.

25.     By its terms, the ROW expired on June 18, 2013.

26.     Tesoro never submitted an application to renew the ROW prior to its expiration, the Allottees never consented to renewal of the ROW, and the BIA never granted a renewal.

**C.     The Tribe's Agreement with Tesoro**

27.     The expired ROW is comprised of a total of 90.82 acres of land located in McKenzie and Dunn Counties, North Dakota. The subject land consists of 44 separate tracts.

28.     Ten of the 44 tracts are owned solely by the Tribe. Fifteen of the tracts are jointly owned by the 412 Allottees and the Tribe. The Allottees hold an undivided interest in the remaining 19 tracts.

29.     On February 17, 2017, Tesoro and the Tribe reached agreement on the terms of a new right-of-way easement for the 10 tribal tracts and for the undivided tribal interests in the 15 allotted tracts. In exchange for a new 28-year, 12-day term, retroactively commencing June 13, 2013, and expiring June 30, 2041, Tesoro agreed to pay the Tribe $53,777,513 in compensation for the new right-of-way and for past use.

30.     On May 24, 2021, the BIA-Fort Berthold Agency approved Tesoro's easement application for the 10 tribal tracts. Tesoro is no longer in trespass on the 10 tribal tracts.

**D.     Tesoro's Continuing Trespass**

31.     In addition to the 10 tribal tracts, the Tesoro-Tribe agreement covered the Tribes' undivided interests in 15 of the other 34 tracts of land burdened by the ROW. The BIA did not approve Tesoro's easement application for the Tribe's undivided joint interests because Tesoro has not obtained majority consent for any of those tracts, as the ROW Act requires. Tesoro remains in trespass on those 34 tracts, to which the United States holds legal title in trust for the Allottees.

32.     Tesoro continued to operate the Pipeline from June 18, 2013, when the ROW expired, until at least December 22, 2020, in violation of the ROW Act.

33.     The United States is informed and believes, and on that basis alleges, that Tesoro, using the Pipeline situated on the expired ROW, transported some unknown number of barrels of crude oil ("Throughput"), said number to be determined in discovery, valued at a specific unknown amount, said amount also to be determined in discovery, from June 18, 2013, until at least December 22, 2020, to the Mandan Refinery for oil producers active on the Reservation.

34.     At the direction of the BIA, Tesoro ceased operating the Pipeline on the ROW on or around December 22, 2020. Tesoro has not removed the Pipeline and any associated appurtenances from the lands burdened by the ROW, or otherwise provided for remediation, and Tesoro continues to occupy the expired ROW without lawful authority.

35.     Tesoro did not contact the Allottees to begin negotiations for a new grant of easement for right-of-way until 2017, nearly four years after the ROW expired.

36.     Tesoro's use and occupation of the land comprising the expired ROW, as described above, has been and continues to be knowing, intentional, willful, and contrary to Federal law.

## FIRST CLAIM FOR RELIEF
### Trespass

37.     The United States incorporates by reference each of the preceding paragraphs above as though fully set forth herein.

38.     Since at least June 18, 2013, without authorization and legal right, Tesoro has willfully occupied and used the Allottees' lands described in the ROW and the Pipeline and appurtenant facilities located thereon in the continuing operation of, and for the economic benefit of, Tesoro's business. As a result of its unauthorized and continuing unlawful use, Tesoro has committed and is now committing a continuing willful trespass on the Allottees' lands, which the United States holds title to for the benefit of the Allottees.

27

39.     As a direct and proximate result of Tesoro's continuing willful trespass, Tesoro has denied the Allottees full enjoyment of their property interest and damaged and continues to damage the Allottees and their land, and the governmental interests of the United States, and will continue to do so unless and until the trespass is remedied.

**SECOND CLAIM FOR RELIEF**
**Ejectment**

40.     The United States incorporates by reference each of the preceding paragraphs above as though fully set forth herein.

41.     Since at least June 18, 2013, without authorization and legal right, Tesoro has willfully occupied and used the Allottees' lands described in the ROW and the Pipeline and appurtenant facilities located thereon in the continuing operation of, and for the economic benefit of, Tesoro's business.

42.     In the absence of a valid grant of easement for right-of-way, Tesoro continues to unlawfully use and occupy the Allottees' lands described in the ROW. As a direct and proximate result of its unauthorized and continuing illegal occupation and use, Tesoro has prevented and continues to prevent the Allottees from enjoying and using their lands, which the United States owns in trust for the benefit of the Allottees.

43.     Tesoro has defied, and continues to defy, the authority of the United States, acting through the BIA, to administer the subject property under the ROW Act. Tesoro has refused to comply with the BIA's requests that Tesoro establish that it is not in trespass, remedy the trespass, or remove its Pipeline from the Allottees' lands. Tesoro has stated and repeatedly affirmed its intention to occupy and use the Allottees' lands in the absence of a valid grant of easement for right-of-way.

44.     Tesoro is presently acting in accordance with its expressed intentions as described above.

45.     Tesoro's occupation and use of the Allottees' lands is unlawful, and as a direct and proximate result of its trespass, Tesoro has damaged and continues to damage the Allottees and their land, and the governmental interests of the United States, and will continue to do so unless and until the parties reach a negotiated resolution that allows Tesoro's Pipeline to remain in place pursuant to the ROW Act or, if the parties are unable to reach such a negotiated resolution, unless and until Tesoro's Pipeline and any associated appurtenances are removed from the Allottees' lands.

## PRAYER FOR RELIEF

WHEREFORE, Counterplaintiff, the United States of America, respectfully requests that the Court grant the following relief:

a.      Declare that Tesoro's willful, unauthorized, and continuing occupation and use of the Allottees' lands described in the ROW and operation of the Pipeline located thereon without the authorization of the BIA and the consent of the Allottees pursuant to the ROW Act constitutes a continuing trespass and violation of the ROW Act;

b.      Enter a judgment for mesne profits or monetary damages caused by Tesoro's willful, unauthorized, and continuing occupation, use, and disturbance of the Allottees' lands described in the ROW, including, without limitation, administrative costs and the costs and expenses of restoring and remediating the damaged and degraded property, and additions and accruals to date of judgment;

c.      Enter a judgment requiring Tesoro to account for and provide an accounting of any and all profits made from Tesoro's operation of the Pipeline from June 18, 2013, to the present;

d.      Enter a judgment requiring Tesoro to disgorge to the Allottees the profits made from Tesoro's operation of the Pipeline from June 18, 2013, to the present;

e.      Enter a judgment for pre- and post-judgment interest on all damages awarded from the date of filing of this Counterclaim until the judgment is paid in full;

f.      If the parties are unable to reach a negotiated resolution that allows Tesoro's Pipeline and associated appurtenances to remain in place pursuant to the ROW Act, issue an order ejecting Tesoro from the Allottees' lands and permanently prohibiting Tesoro from occupying or using the Allottees' lands and operating the Pipeline located thereon;

g.      Award the United States all of its costs in this action to the maximum extent permissible; and

h.      Grant such other and further relief as the Court deems just and proper.


DATED: February 8, 2022

Respectfully submitted,

NICHOLAS W. CHASE
Acting United States Attorney
District of North Dakota


  /s/ Michael D. Schoepf
By: Michael D. Schoepf, Assistant United States Attorney
ND Bar No. 07076
P.O. Box 699
Bismarck, ND 58502-0699
Tel.: (701) 530-2420
Email: michael.schoepf@usdoj.gov


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

  /s/ Peter Kryn Dykema
By: Peter Kryn Dykema, Senior Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 305-0436
Email: peter.dykema@usdoj.gov


By: Samuel D. Gollis, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1351
Email: samuel.gollis@usdoj.gov


*Counsel for United States of America, United States
Department of the Interior, and United States Bureau of
Indian Affairs*

31

OF COUNSEL:
Fain Gildea,  Attorney-Advisor
Nicholas M. Ravotti,  Attorney-Advisor
United States Department of the Interior
Office of the Solicitor,  Division  of Indian  Affairs

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2022, I filed the foregoing *Answer and Counterclaim*, with exhibits,  electronically  through the CM/ECF system, which will cause service upon all counsel of record, as more fully  reflected on the Notice of Electronic Filing.

/s/ *Peter Kryn Dykema*
Peter Kryn Dykema