IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| TESORO HIGH PLAINS PIPELINE COMPANY, LLC, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF INDIAN AFFAIRS, a part of the United States Department of the Interior, <br><br> Defendants and Counterclaimants. | Case No. 1:21-CV-00090-DMT-CRH |

**JOINT STATUS REPORT**

Plaintiff, Tesoro High Plains Pipeline Company, LLC ("**Tesoro**"); and Defendants, United States of America ("**United States**"), United States Department of the Interior ("**DOI**"), and United States Bureau of Indian Affairs ("**BIA**"), a part of the United States Department of the Interior (collectively, the "**United States**") (Tesoro and the United States collectively referred to as the "**Parties**") submit this Joint Status Report, in compliance with the Court's June 1, 2022 Order requiring a status report regarding Allottees' approval of settlement on or before August 29, 2022.  Dkt. 47.

As described more fully below, during the ninety-day stay, the Parties as well as counsel representing certain Allottees successfully negotiated the terms of a written comprehensive settlement agreement that was proposed to the Allottees.  The proposed comprehensive settlement agreement would have resolved all past disputed issues in the litigation as well as resulted in the

renewal of the right-of-way. The United States, as trustee for the Allottees, is able to settle claims on behalf of the Allottee beneficiaries. *Heckman v. United States*, 224 U.S. 213 (1912). However, since the proposed comprehensive settlement agreement included the renewal of the right-of-way, federal law generally requires consent for such renewal to be obtained from the owners of the majority interest in each tract over which the right-of-way runs. *See* 25 U.S.C. § 324; 25 C.F.R § 169.107. The settlement agreement has not been consummated because an insufficient number of Allottees consented. Therefore, the Parties agree that the litigation of this action needs to proceed.

## MATTERS PENDING BEFORE THE COURT AND THE PARTIES' RESPECTIVE POSITIONS

1. **Tesoro's Motion for Preliminary Injunction.** Tesoro's Motion for Preliminary Injunction has been fully briefed. Dkts. 3, 4, 27, and 33. On March 8, 2022, the Court entered its Order Adopting Stipulation, In Part (Dkt. 40), in response to the Parties' Joint Request to Abstain From Ruling On Tesoro's Motion for Preliminary Injunction (Dkt. 38), indicating that it would stay its decision on Tesoro's Motion for Preliminary Injunction until June 6, 2022. A hearing on Tesoro's Motion has not yet occurred. However, the Parties jointly submit that a hearing is not necessary and Tesoro's Motion for Preliminary Injunction can be ruled upon based on the Parties' submissions, unless the Court believes a hearing would be beneficial for the Court or further evidence is requested. The Parties are in agreement as to the fundamental underlying events related to the Vacatur Decision and stipulate that the exhibits to Tesoro's Complaint and Motion for Preliminary Injunction are admissible for purposes of the Court's consideration of the Motion for Preliminary Injunction.

2. **Motion to Intervene.** A Motion to Intervene was filed by eighty-five ("**Pringle Allottees**") of the more than 400 Allottees on whose behalf the United States in its trustee capacity asserted a counterclaim in this action. The Pringle Allottees seek to intervene in this action via

its proposed Special Answer and Counterclaim (Dkt. 17-1).  The Motion to Intervene has been fully briefed.  Dkts. 16, 17, 32, 34, and 43.

     3.     **Joinder of *Chase v. Andeavor Logistics, L.P.*, No. 1:19-cv-00143-DMT-CRH.**  In *Chase*, the Court issued an Order to Show Cause as to Joinder of *Chase* with this action.  Dkt. 105.  It has been fully briefed.  Dkts. 111, 112, and 115.  The *Chase* plaintiffs are forty-eight of the more than 400 Allottees on whose behalf the United States in its trustee capacity asserted a counterclaim in this action.  They seek to consolidate *Chase* with, or to intervene in, this action.  *Id*.

     a.     *Tesoro's Position on Motion to Intervene and Joinder of Chase*

     For the various reasons set forth in its briefs, Tesoro vehemently opposes intervention and joinder of the Allottees into Tesoro's narrowly-focused APA action.  Tesoro only seeks injunctive and declaratory relief focused on a single Vacatur Decision by the Department of the Interior; whereas the Pringle Allottees' proposed Counterclaim and the Chase Allottees' live pleading do not even mention the Vacatur Decision.  The grounds for denying intervention and joinder include, without limitation, (i) consolidation and intervention would violate the Eighth Circuit's Mandate (*Chase v. Andeavor Logistics, L.P.*, 12 F.4th 864 (8th Cir. 2021)); (ii) the *Chase* case, the Pringle Allottees' proposed Special Answer and Counterclaim, and the United States' Counterclaim differ significantly from Tesoro's narrowly-focused APA action, making consolidation/intervention inappropriate and prejudicial to Tesoro, including because (a) common questions of law and fact do not predominate, and (b) consolidation will cause delay, prejudice, and confusion; (iii) it fails to meet the requirements of intervention of right; (iv) it fails to meet the requirements for a permissive intervention, including because the proposed new claims do not share common questions of law or fact with Tesoro's "main action," *i.e.*, a narrow

**Joint Status Report—3**

APA suit about a single Vacatur Decision; (v) the proposed new intervening counterclaims fail the number one rule of intervention, *i.e.*, taking the case as you find it; (vi) the actions that the intervening allottees seek to pursue are reserved, if at all, only to the BIA (25 C.F.R. § 169.410); and (vii) the United States as Allottees' trustee, if anyone, is the real party in interest to initiate trespass litigation and they have already sought to do so. *See* Dkt. 34; *Chase*, at Dkt. 112.

Moreover, as indicated below, Tesoro will be filing a motion to dismiss as to the United States' counterclaim in this action. The dismissal grounds will include the fact that the United States' counterclaim is not a permissible counterclaim in this action, *i.e.*, a narrowly-tailored APA suit by Tesoro focused on a single Vacatur Decision by the DOI. If Tesoro prevails on that motion, it will moot the purported underlying basis of the intervention/joinder requests in the first instance. Accordingly, the Court should rule on Tesoro's forthcoming motion to dismiss prior to ruling on the intervention and joinder requests.

Finally, a ruling on the Joinder of *Chase* and/or the Motion to Intervene at this time would serve no practical purpose, because the Eighth Circuit's Opinion in *Chase* required a stay of the allottees' trespass litigation. Specifically, the Eighth Circuit held in *Chase* that "the district court should stay the action for a reasonable period of time to see what action the agency may take. The court can then lift the stay, or further suspend the judicial process depending on what action, if any, the agency takes." *Chase,* 12 F.4th at 877 (8th Cir. 2021). Thus, if the Court were to consider and grant the Joinder of *Chase* and/or the Motion to Intervene, the Allottees' claims would need to continue to be stayed. If Tesoro prevails with its claim for declaratory judgment and the Vacatur Decision is set aside, then

there can be no further BIA administrative proceedings. The Court can then decide at that time if any trespass claims, whether asserted by the United States, the Pringle Allottees, and/or the *Chase* Allottees, can proceed. Conversely, if Tesoro does not prevail with its claim for declaratory judgment and the Vacatur Decision is allowed to stand, then all prior agency action taken by the BIA and DOI will have been vacated, and the BIA and DOI have already indicated that they are going to start the administrative proceedings anew. *See*, *e.g.*, Dkt. 1-5, Vacatur Decision ("This decision vacates the prior decisions issued in this matter between July 2, 2020, and January 14, 2021…" "I hereby vacate [the decisions between July 2, 2020, and January 14, 2021]… and return this matter to the Regional Director for consideration. The Regional Director is directed to: (1) take such action as is necessary to address Tesoro's continued occupation of the expired right-of-way, (2) provide each of the interested parties with a full and fair opportunity to be heard in this matter, and (3) issue a new decision, as may be necessary and appropriate."); Dkt. 4-3, Undated Letter from BIA's Acting Regional Director (received by Tesoro on May 27, 2021) ("In conformance with the Secretary's order, we intend to take action to address Tesoro's continued trespass on the lands subject to this present controversy."; "Because that decision has now been vacated, we intend on reutilizing the Appraisal Report, and recalculating the trespass assessment in a future decision, accounting for the additional time Tesoro continues to be in trespass."). The Eighth Circuit's *Chase* Opinion would first require the completion of any agency action that the BIA has indicated it plans to take, and "[t]he court can then lift the stay, or further suspend the judicial process depending on what action, if any, the agency takes." *Chase,* 12 F.4th at 877 (8th Cir. 2021).

**Joint Status Report—5**

      b.      *United States' Position on Motion to Intervene and Joinder of Chase*

The United States does not oppose the Pringle Allottees' Motion to Intervene, but clarifies that it does not agree that the movants are entitled to intervene of right pursuant to Fed. R. Civ. P. 24(a), on the grounds that the interests of the movants are adequately represented by the United States. Dkt. 32. The United States is not a party to the *Chase* action, and therefore has not taken a position with respect to its joinder or intervention.

The United States proposes that the Court rule on the intervention and joinder issues before taking up Tesoro's forthcoming Motion to Dismiss. Based on the similarity of the Pringle Allottees' proposed Counterclaim (Dkt. 17-1) and the Amended Complaint (Dkt. 28) previously filed in *Chase* with the United States' Counterclaim, the United States is of the opinion that Tesoro is likely to move to dismiss those pleadings as well. It thus would be more efficient to settle first the issue of the parties to this proceeding so that Tesoro can seek dismissal of all claims against it at one time, rather than in piecemeal fashion.

4.    **Tesoro's Responsive Pleading to the Counterclaim.** The Court stayed the deadline for Tesoro to file a responsive pleading to the United States' Counterclaims. Dkts. 46 and 47. Currently, there is no due date set for Tesoro's responsive pleading. Tesoro intends to move to dismiss the United States' Counterclaim.

The Parties have conferred and propose the following briefing schedule if the Court determines that it should rule on Tesoro's Motion to Dismiss prior to ruling on the Motion to Intervene and Joinder of *Chase*.[1]

---

[1] The proposed schedule takes into account a long-planned absence from work by co-counsel for the United States at the end of September and beginning of October. If the Court denies Tesoro's Motion to Dismiss, Tesoro would file an answer within no later than thirty days after the Court's ruling unless the Court's ruling otherwise provides (*e.g.*, if the Court's ruling stays the United

**Joint Status Report—6**

**September 14, 2022**: Tesoro to file its motion to dismiss;

**October 12, 2022**: United States to file its response to motion to dismiss;

**October 26, 2022**: Tesoro to file its reply in support of motion to dismiss; and

**October 31, 2022 (or at Court's availability)**: Hearing on Tesoro's motion to dismiss.

The United States proposes the following briefing schedule if the Court determines that it should rule on the Motion to Intervene and Joinder of *Chase* prior to ruling on Tesoro's Motion to Dismiss: Tesoro's answers or other responsive pleadings to the United States' Counterclaim and, as necessary, the Pringle Allottees' Counterclaim, and the Amended Complaint (Dkt. 28) filed in *Chase* would be due thirty days after the Court decides the intervention and joinder issues, with briefing to follow pursuant to D.N.D. Civ. L.R. 7.1(A)(1).

## REQUEST FOR STATUS CONFERENCE

Given the various issues discussed above, the Parties think that a status conference could be beneficial in addressing the issues outlined above. The Parties jointly request a status conference to the extent the Court believes such a conference would be beneficial.

---

States' Counterclaim until after Tesoro's declaratory judgment as to the Vacatur Decision has been concluded).

**Joint Status Report—7**

DATED:  August 26, 2022

        Respectfully submitted,

        TODD KIM
        ASSISTANT ATTORNEY GENERAL

        JENNIFER KLEMETSRUD PUHL
        UNITED STATES ATTORNEY

        */s/     Peter Kryn Dykema*
        By: Peter Kryn Dykema
        Natural Resources Section
        Environment & Natural Resources Division
        United States Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044
        Tel: (202) 305-0436
        Fax: (202) 305-0506
        Email: peter.dykema@usdoj.gov

        */s/     Samuel D. Gollis*
        By: Samuel D. Gollis, Trial Attorney
        Indian Resources Section
        Environment and Natural Resources Division
        United States Department of Justice
        999 18th Street, South Terrace, Suite 370
        Denver, CO 80202
        Tel.: (303) 844-1351
        Fax: (303) 844-1350
        Email: samuel.gollis@usdoj.gov

/s/    Michael D. Schoepf
By: Michael D. Schoepf
ND Bar No. 07076
Assistant United States Attorney
P.O. Box 699
Bismarck, ND 58502-0699
Tel.: (701) 530-2420
Email: michael.schoepf@usdoj.gov

*Counsel for Defendant-Counterclaimant United States of America, United States Department of the Interior, and United States Bureau of Indian Affairs*

NORTON ROSE FULBRIGHT US LLP

/s/    Jeffrey A. Webb
Jeffrey A. Webb
Texas State Bar No. 24053544
111 W. Houston Street, Suite 1800
San Antonio, TX 78205-3792
jeff.webb@nortonrosefulbright.com

Matthew A. Dekovich,
Texas State Bar No. 24045768
matt.dekovich@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, TX 77010

*Counsel for Plaintiff-Counterdefendant Tesoro High Plains Pipeline Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2022, I filed the foregoing *Joint Status Report* electronically through the CM/ECF system, which will cause service upon all counsel of record, as more fully reflected on the Notice of Electronic Filing.

/s/    Jeffrey A. Webb
Jeffrey A. Webb

**Joint Status Report—9**