IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tesoro High Plains Pipeline Company, LLC,<br><br>                                Plaintiff,<br><br>vs.<br><br>United States of America; United States Department of the Interior; United States Bureau of Indian Affairs, a part of the United States Department of the Interior,<br><br>                              Defendants. | Case No. 1:21-cv-90 |

**ORDER GRANTING PLAINTIFF'S MOTION TO SEVER, MOTION TO STAY AND DENYING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM**

[¶1]   THIS MATTER comes before the Court on two related motions filed by Plaintiff Tesoro High Plains Pipeline Company, LLC ("Tesoro"). First, Tesoro filed a Motion to Dismiss the Counterclaim on September 23, 2022. Doc. No. 54. Aside from requesting the relief of dismissal of the counterclaim in this lawsuit, the Motion also requested the alternative relief of severing the counterclaim and staying decision on it. Id. That alternative request for relief was administratively separated into another motion. See Doc. No. 56. Accordingly, Tesoro also filed a Motion to Sever, Motion to Stay on September 23, 2022. Id. The Defendants (collectively, the "United States") filed their Response to the motions on October 21, 2022. Doc. No. 62. Tesoro filed its Reply on November 14, 2022. Doc. No. 66. For the reasons set forth below, the Court **GRANTS** Tesoro's Motion to Sever and Motion to Stay (Doc. No. 56), and **DENIES without prejudice** Tesoro's Motion to Dismiss the Counterclaim (Doc. No. 54).

1

**BACKGROUND**

[¶2] Tesoro and its affiliates are the owners and operators of an oil and gas pipeline, which crosses lands on the Fort Berthold Indian Reservation in North Dakota. Doc. No. 1. See also Chase v. Andeavor Logistics, L.P., 12 F.4th 864, 866 (8th Cir. 2021) (detailing some of the factual history). Certain lands the pipeline crosses are owned in trust by the Mandan, Hidatsa, and Arikara Nation (also known as the "MHA Nation" or "Three Affiliated Tribes"). Doc. No. 1. Others, however, are equitably owned by individual Indians in allotted parcels (the "allotees"). Id. Originally, the pipeline was approved by the Bureau of Indian Affairs ("BIA") in the 1950s to cross such lands via rights-of-way ("ROWs"), until 2013, when the ROWs expired. Id. Tesoro reached an agreement in 2017 with the Three Affiliated Tribes to retroactively renew the ROW across tribal land, but Tesoro was unable to gain the majority of the allottees' consent to renew the ROW over their lands. Id.

[¶3] In 2020, Tesoro was still unable to negotiate a ROW agreement with the majority of the allottees. Id. Soon thereafter, the BIA's Regional Director issued a Notice of Trespass Determination against Tesoro, which triggered a host of administrative appeals and decisions. Id. The back-and-forth between Tesoro and the BIA seemed to come to a close when the Regional Director determined the damages associated with Tesoro's actions were approximately $4 million and ordered immediate cessation of the pipeline, which was a decision affirmed by the Assistant Secretary and declared a final agency decision subject to judicial review. Doc. No. 1. Tesoro paid the approximately $4 million and alleges it ceased use of the pipeline. Id. See also Doc. No. 1-4.

[¶4] In early 2021, the administration changed and the then-Acting Secretary of the Department of the Interior vacated the prior administrative decisions affecting Tesoro's pipeline. Doc. No. 1. See also Doc. No. 1-5. On April 23, 2021, Tesoro filed this action against the United States, the Department of the Interior, and the BIA. Doc. No. 1. Tesoro's Complaint asserted claims for: (1) a

2

declaratory judgment detailing the Acting Secretary lacked authority to vacate the prior administrative actions, or, alternatively, the decision to vacate was contrary to law and was null and void, among other things; (2) relief under the Administrative Procedure Act (the "APA"); (3) relief for violation of Tesoro's due process rights under the Fifth Amendment to the United States Constitution; and (4) relief for violation of the Freedom of Information Act ("FOIA"). Id. Tesoro also moved for a preliminary injunction. Doc. No. 3.

[¶5]   Approximately a year later, on February 8, 2022, the United States answered Tesoro's Complaint and filed a trespass counterclaim pursuant to federal common law as well as a counterclaim for ejectment, seeking declaratory relief, an accounting, damages, and injunctive relief.[1] Doc. No. 28. Tesoro then filed the instant motion, seeking two alternative forms of relief: (1) dismiss the United States' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) or for other reasons; or (2) to the extent the counterclaim is not dismissed, it should be severed and stayed until Tesoro's instant lawsuit based on the APA and FOIA is resolved. Doc. No. 55, p. 35. See also Doc. No. 56.

## DISCUSSION

### I.   Severing & Staying the United States' Counterclaim Is Proper

[¶6]   Tesoro argues the United States' counterclaim would be properly severed and stayed pending resolution of Tesoro's lawsuit pursuant to the primary jurisdiction doctrine. Id. Tesoro contends its lawsuit's success would "fully and finally resolve the issues underlying the United States' Counterclaim" because it would prove Tesoro has fully complied with and satisfied the BIA's requirements. Id. at 36. Alternatively, if Tesoro were to be unsuccessful in its lawsuit,

---

[1] The Parties refer to the United States' two asserted counterclaims as the singular "Counterclaim." See, e.g., Doc. No. 62. See also Doc. No. 28 (asserting two claims for relief). The Court will follow suit, recognizing the two counterclaims are related.

3

Tesoro asserts the BIA has "indicated that [it] intend[s] to take further or new administrative action," thus making it unclear whether the United States will continue with its current course of litigation. Id. Either way, Tesoro contends, it is best to resolve its claims related to administrative actions first. Id. The United States disagrees with Tesoro, arguing the filing of its counterclaim signaled "there is no 'further agency action' for the BIA to contemplate." Doc. No. 62, p. 39. Even if Tesoro prevails, the United States argues the Court's combined review of Tesoro's claims alongside the United States' counterclaim "would place the Court in an advantageous position to reconcile the administrative remedies and judicial requests for relief." Id. at p. 40 n.20. The Court agrees, in part, with Tesoro that the United States' counterclaim should be severed and stayed pending resolution of Tesoro's claims.

[¶7]     Pursuant to Federal Rule of Civil Procedure 21, on its own volition, the Court is authorized to "sever any claim against a party." See Mount v. Fikes, No. 21-CV-1489, 2022 WL 4124965, slip op. at *2 (D. Minn. May 16, 2022) ("The Court can sever claims at its discretion."). Courts may sever "claims into separate actions because of the need to avoid possible confusion or substantial prejudice." Strandlund v. Hawley, 532 F.3d 741, 746 (8th Cir. 2008).

[¶8]     The United States' federal tort counterclaim is of a separate nature from Tesoro's administrative law claims and presents issues that ought to be decided at a later juncture. Compare Doc. No. 1, with Doc. No. 28. Tesoro's claims require this Court to evaluate whether the United States' first round of "final agency action" was, indeed, final, or whether the United States took lawful action to undo what had been done and then reopen its trespass investigation against Tesoro. See Doc. No. 1. See also Chase, 12 F.4th at 875 (noting the Assistant Secretary declared its January 14, 2021, decision to be "judicially reviewable as a final agency action"). The United States' counterclaim assumes the vacated agency action was lawful and the government may proceed to civilly prosecute Tesoro. Doc. No. 28. Although the claims and counterclaim undoubtedly have

4

some relation, the counterclaim puts the cart before the horse. Severing the United States' federal tort counterclaim and staying decision on it will bring clarity to this already complex administrative case, allowing for the first administrative action to be evaluated in the first instance and the second round of administrative action to take second place. See Mount, 2022 WL 4124965, slip op. at *2 (explaining the "Court can sever claims at its discretion," considering effects such as judicial economy, delay, efficiency, among others). Indeed, that makes the most sense because the United States' counterclaim for federal common law trespass flows from the assumption the first administrative action was in error. Accordingly, the Court severs and stays decision on the United States' counterclaim asserted in this administrative action.

## CONCLUSION

[¶9]  Accordingly, the Court **GRANTS** Tesoro's Motion to Sever and Motion to Stay (Doc. No. 56) and **DENIES without prejudice** Tesoro's Motion to Dismiss the Counterclaim (Doc. No. 54). The Court hereby **ORDERS:**

  a. The United States' counterclaim to be **SEVERED** for purposes of discovery, motions practice, and trial; and

  b. The proceeding relating to the United States' counterclaim is **STAYED**.

[¶10]  **IT IS SO ORDERED**.

DATED November 8, 2023.

Daniel M. Traynor, District Judge
United States District Court