**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| TESORO HIGH PLAINS PIPELINE COMPANY, LLC, <br><br> PLAINTIFF, <br><br> **vs**. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF INDIAN AFFAIRS, a part of the United States Department of the Interior, <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 1:21-CV-00090-DMT-CRH |

**REQUEST FOR STATUS CONFERENCE**

NORTON ROSE FULBRIGHT US LLP

**Jeffrey A. Webb**
Texas State Bar No. 24053544
jeff.webb@nortonrosefulbright.com
111 W. Houston Street, Suite 1800
San Antonio, TX  78205-3792

**Mark Emery**
Texas State Bar No. 24050564
mark.emery@nortonrosefulbright.com
799 9th St. NW,  Suite 1000
Washington, DC 20001

Tesoro High Plains Pipeline Company, LLC ("**THPP**") respectfully requests that the Court set a status conference.  Local Civil Rule 16.1; Fed. R. Civ. P. 16.1(a).

## BACKGROUND

Following on several years of administrative proceedings before the Bureau of Indian Affairs, this case has been ongoing since April 2021, when THPP filed its Complaint alleging, among other things, violations of the Administrative Procedure Act ("APA").  Docket ("Doc.") 1.  In June 2021, soon after the case was filed, THPP moved for a temporary restraining order and preliminary injunction. Docs. 3, 4, 5.  Due to ongoing negotiations with allottees, THPP and the Defendants stipulated to a series of extensions of briefing deadlines on the motion for preliminary injunction and deadline for the Defendants to answer; new deadlines were adopted and the original hearing on the motion for preliminary injunction was vacated.  Docs. 12, 22, 23, 24, 25, 26.

In February 2022, the United States answered and filed a counterclaim for trespass against THPP.  The parties jointly asked the Court to withhold a ruling on the preliminary injunction while negotiations with the allottees continued.  Docs. 38, 39, 40.  In May 2022, the United States moved to stay the litigation while negotiations continued, and the Court granted a 90-day stay.  Docs. 46, 47.

Meanwhile, a group of allottees sought to intervene in this matter, causing another round of briefing.  Docs. 16-17.  The Court denied the motion to intervene.  Doc. 67.

In September 2022, THPP moved to dismiss and to sever the United States' counterclaim. Docs. 54, 55, 56.  Both the United States and the putative intervenors filed responses.  Docs. 64, 65. The Court denied the motion to dismiss but severed and stayed the United States' claim pending resolution of the APA claim.  Doc. 71.

In November 2023, another (but overlapping) group of allottees again moved to intervene in this case, causing yet another round of briefing.  Doc. 78.

1

On July 10, 2024, the Court entered an order granting THPP's motion for preliminary injunction and denying the allottees' second motion to intervene. Doc. 84. That ruling has been appealed on an interlocutory basis by the allottees, but not the United States. Doc. 87 (notice of appeal); *Tesoro High Plains Pipeline Co., LLC, et al v. Michelle Crows Heart, et al.*, No. 24-2860 (8th Cir.) (pending). The appeal was previously set for oral argument in the Eighth Circuit but then continued at the request of the United States. *See* Order, *Tesoro High Plains Pipeline Co.*, No. 24-2860 (8th Cir. Oct. 16, 2025). As of the filing of this Request, oral argument has not been reset in the Eighth Circuit, including on the June 2026 oral argument calendar.

Although the United States' counterclaim is stayed, THPP's claims are not stayed. THPP desires to move forward on those claims. THPP's APA claim requires the parties and the Court to rely on the administrative record, 5 U.S.C. § 706. By a letter of August 15, 2025, and in furtherance of its desire to move this case forward, THPP requested that Defendants file that record on or before September 15, 2025. No record has yet been filed.

## REQUEST FOR STATUS CONFERENCE

The Court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as facilitating the development of the case and expediting disposition . Fed. R. Civ. P. 16(a)(1), (2); Local Civil Rule 16.1 ("… a party may request a pretrial conference.").

A status conference will enable the parties and Court to develop a timeline and/or schedule for resolution of this matter.

As noted, because the Defendants did not file the administrative record upon making an appearance, and in an effort to move this case forward, THPP requested on August 15, 2025 that Defendants file that record on or before September 15, 2025. No record has yet been filed.

THPP continues to desire to move forward with its claim. Upon filing of the administrative record, THPP is prepared to file in short order a motion that it believes should result in a resolution of this action.

## CONCLUSION

THPP respectfully requests that the Court set a status conference to discuss these and related issues to try to help facilitate a resolution of this action.

Dated: May 20, 2026                              Respectfully submitted,

                                                  NORTON ROSE FULBRIGHT US LLP


                                                  */s/ Jeffrey A. Webb*
                                                  **Jeffrey A. Webb**
                                                  Texas State Bar No. 24053544
                                                  jeff.webb@nortonrosefulbright.com
                                                  111 W. Houston Street, Suite 1800
                                                  San Antonio, TX  78205-3792

                                                  **Mark Emery**
                                                  Texas State Bar No. 24050564
                                                  mark.emery@nortonrosefulbright.com
                                                  799 9th St. NW,  Suite 1000
                                                  Washington, DC 20001

                                                  *Counsel for Plaintiff and Counterdefendant*

3

## **CERTIFICATE OF SERVICE**

On May 20, 2026, I electronically submitted the foregoing document with U.S. District Court, District of North Dakota, through the court's CM/ECF system, which will cause service upon all counsel of record.

*/s/ Jeffrey A. Webb*
Jeffrey A. Webb